**CENTRAL AVENUE ENTERPRISES, INC., d/b/a Eros Video, E.B.S., Inc., and James Costa, Plaintiffs,**

v.

**CITY OF LAS CRUCES, Sylvester Aguirre, et al., Defendants.**

Civ. No. 94–116 JB.

United States District Court, D. New Mexico.

Feb. 28, 1994.

Paul Kennedy, Mary Han, Albuquerque, NM, for plaintiffs.

Patrick J. Rogers, Modrall Sperling Roehl Harris & Sisk, Albuquerque, NM, for defendants.

## MEMORANDUM OPINION AND ORDER

BURCIAGA, Chief Judge.

THIS MATTER came on for a hearing on February 17, 1994, on Plaintiffs' February 1, 1994, motion for preliminary injunction and Defendants' February 7, 1994, motion to disqualify Plaintiffs' attorneys. The Court, having heard the arguments of counsel, reviewed the pleadings, submissions of the parties and the relevant law, and having made its findings of fact and conclusions of law in open court, finds Defendants' motion to disqualify Plaintiffs' attorneys is not well taken and is denied, for reasons stated on the record in open court. The Court finds Plaintiff E.B.S.'s motion for preliminary injunction is well taken and is granted.

Throughout 1993, Plaintiff James Costa, president and one of four shareholders of Plaintiff Central Avenue Enterprises, Inc., ("C.A.E."), owned and operated Eros Video, in which Costa purveyed materials of a sexually explicit nature. On January 3, 1994, Eros Video opened for business in a new location. On that same day, the Defendant City Of Las Cruces issued citations against C.A.E. and Costa for violating the Las Cruces zoning code's special use permit requirement for adult amusement establishments and adult book stores, and also filed a criminal complaint. A Las Cruces municipal court eventually found Costa guilty of all charges and sentenced him to 28 days' imprisonment, suspended upon the condition that Costa bring Eros Video into compliance with the applicable zoning ordinance. On January 6, 1994, the City filed a petition for a permanent injunction against Costa and C.A.E. in state district court, and on January 28, the state district court permanently enjoined Plaintiff from conducting business. The state district court considered, but ultimately rejected, constitutional objections to the ordinance. The municipal court did not permit Plaintiff to raise any constitutional defenses.

Plaintiff E.B.S., Inc. ("E.B.S."), has not been the subject of any enforcement proceedings by the City. In fact, E.B.S. is not currently in the business of selling sexually explicit material in Las Cruces. Instead, E.B.S. desires to engage in the same business as C.A.E., either by opening a new store in Las Cruces or by acquiring one already in existence. E.B.S. is solely owned by Costa's father. Costa is an officer of E.B.S.

The Las Cruces zoning code requires a special use permit issued by the Las Cruces Planning and Zoning Commission in order to operate an adult book store or an adult amusement establishment. The ordinance defines an "adult amusement establishment" as an establishment that:

> provides amusement or entertainment which is distinguished or characterized by an emphasis on material depicting, describing or relating to *specified sexual activities or specific anatomical areas* . . . .

Las Cruces Zoning Code § 6.1M(4) (emphasis added). An adult book store/video store is defined as:

> an establishment having 20% or more of its floor space in film, video tapes, records, novelties, devices, trade books, magazines and other periodicals which are distinguished or characterized by their emphasis on matters depicting, describing, or relating to *specified sexual activities or specified anatomical areas*
>
> . . . .

*Id.* (emphasis added). Nowhere in the zoning code are the terms "specified sexual activities" or "specified anatomical areas" defined.

It was enforcement of this provision which led to the state district court's permanent injunction against C.A.E. and to the criminal convictions of Costa. On February 1, 1994, Plaintiffs filed a federal complaint seeking damages and equitable relief from Defendants' enforcement of the Las Cruces municipal zoning ordinance. Plaintiffs contend that the ordinance, on its face, is unconstitutionally vague and overbroad, and now move this Court to enjoin the City from enforcing its special use permitting requirement for adult amusement establishments and adult book stores.

## I. Standing

The Court first addresses the issue of whether Plaintiffs have standing to advance their claims for injunctive relief. To establish standing, a claimant must meet the "case or controversy" requirement of Art. III of the United States Constitution by demonstrating a "personal stake" in the outcome of the case. *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). However, traditional requirements of standing doctrine give way to First Amendment concerns, particularly when the litigant is challenging a licensing or permitting regime on grounds of vagueness or overbreadth. "Although facial challenges to legislation are generally disfavored, they have been permitted in the First Amendment context where the licensing scheme vests unbridled discretion in the decisionmaker and where the regulation is challenged as overbroad." *FW/ PBS, Inc. v. City of Dallas*, 493 U.S. 215,

223, 110 S.Ct. 596, 603, 107 L.Ed.2d 603 (1990) (citation omitted).

Although E.B.S. has not attempted to obtain a special use permit to operate in Las Cruces, the Supreme Court has held that "when a licensing statute allegedly vests unbridled discretion in a government official over whether to permit or deny expressive activity, one who is subject to the law may challenge it facially without the necessity of first applying for, and being denied, a license." *Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 755–56, 108 S.Ct. 2138, 2143, 100 L.Ed.2d 771 (1988). Relaxed standing requirements in this context are based on the recognition that a licensor's unfettered discretion operates as a prior restraint and "intimidates parties into censoring their own speech, even if the discretion and power are never actually abused." *Id.* at 757, 108 S.Ct. at 2144. E.B.S. is engaged in the business regulated by the Las Cruces zoning ordinance and has expressed a desire to expand operations into Las Cruces. The City has demonstrated its intent to enforce the special permit ordinance, as evidenced by its conduct toward C.A.E. As such, E.B.S. has standing to advance its First Amendment claims. *See ACORN v. City of Tulsa*, 835 F.2d 735, 739 (10th Cir.1987) ("[Plaintiff] has shown an unmistakable intention to engage in activities [protected by the First Amendment] that are prohibited by ... the challenged ordinances. The City has demonstrated its resolve to enforce the ordinances [and therefore plaintiff] has standing to challenge the Tulsa ordinances.").

With respect to C.A.E. and Costa, Defendants contend they lack standing in that Plaintiffs previously admitted that Eros Video is an "adult book store," and held themselves out as such. That Plaintiffs perceived themselves as being subject to the ordinance at issue, however, does not preclude them from raising First Amendment vagueness and overbreadth challenges. Plaintiffs are permitted to assert the First Amendment rights of others. "Litigants ... are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." *Broadrick v. Oklahoma*, 413 U.S. 601, 612, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973). *See also Eisenstadt v. Baird*, 405 U.S. 438, 445 n. 5, 92 S.Ct. 1029, 1034 n. 5, 31 L.Ed.2d 349 (1972) ("Indeed, in First Amendment cases we have relaxed our rules of standing without regard to the relationship between the litigant and those whose rights he seeks to assert precisely because application of those rules would have an intolerable, inhibitory effect on freedom of speech."). The Court concludes that all claimants have standing.

## II. Abstention

The doctrine of abstention dictates that principles of equity, comity and federalism prohibit a federal court from enjoining enforcement of a challenged state statute or ordinance that is the subject of a state court proceeding. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In this case, however, abstention is inapplicable with respect to E.B.S. The effect of the *Younger* abstention doctrine must be determined as to each plaintiff in multi-plaintiff litigation. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 928–29, 95 S.Ct. 2561, 2566–67, 45 L.Ed.2d 648 (1975). E.B.S. is not subject to any state proceedings, civil or criminal. While legally distinct parties may be "so closely related that they should all be subject to the *Younger* considerations which govern any one of them ...," *id.*, E.B.S. is sufficiently unrelated to the other plaintiffs in this case as to justify separate abstention treatment. E.B.S. and C.A.E. do not completely share common ownership, management, or control.

As for the other plaintiffs in this action, C.A.E. and Costa are the subject of state court proceedings, as each has the right to appeal from the judgments of the lower state courts. Abstention applies when state appellate procedures are available. Parties are required to exhaust state appellate remedies before seeking injunctive relief in federal court. *Huffman v. Pursue, Inc.*, 420 U.S. 592, 608–09, 95 S.Ct. 1200, 1210–11, 43 L.Ed.2d 482 (1975). Nevertheless, C.A.E. and Costa urge this Court to apply one of

two narrow exceptions to the *Younger* abstention doctrine in order to allow their claims to go forward as well. These exceptions apply where "the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'" *Huffman*, 420 U.S. at 611, 95 S.Ct. at 1212, *quoting Younger*, 401 U.S. at 53–54, 91 S.Ct. at 755.

With respect to the exception applicable where the challenged statute is "flagrantly and patently violative" of constitutional prohibitions, no challenged statute or ordinance is ever unconstitutional in "every clause, sentence, and paragraph." In this case, for example, only the terms "specified sexual activities" or "specified anatomical areas" in the Las Cruces ordinance are subject to vagueness and overbreadth challenges. This exception is meaningless if applied literally. The Court, however, expresses no opinion as to the applicability of the abstention exceptions in this case. The Court can reach the merits of the motion for preliminary injunction without such extensive analysis because E.B.S.'s claim is not barred by abstention.

### III. Preliminary Injunction

■ To obtain a preliminary injunction, the movant must establish that:

(1) the moving party will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits.

*Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir.1992). If the first three requirements are satisfied, the "probability of success" factor becomes more lenient. *Id.* at 1199. In that case, the movant need only show "questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation." *Id.*, *quoting Otero v. Savings & Loan Ass'n v.*

*Federal Reserve*, 665 F.2d 275, 278 (10th Cir.1981).

■ The Court finds E.B.S. has demonstrated its right to injunctive relief. E.B.S. has shown irreparable injury unless an injunction is issued, a substantial likelihood of success on the merits, that the threatened injury to E.B.S.'s First Amendment rights outweighs whatever damage the injunction may cause to Defendants, and that the injunction would not be adverse to the public interest. "It is in the public interest to uphold a constitutionally guaranteed right." *Freedberg v. United States Dept. of Justice*, 703 F.Supp. 107, 111 (D.D.C.1988). As discussed above with respect to the issue of standing, a licensing or permitting regime containing allegedly vague and overbroad terms gives unfettered discretion to the decisionmaking authority and, concomitantly, the power of prior restraint. The loss of even the potential opportunity to exercise First Amendment freedoms in this context constitutes irreparable injury. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2689, 49 L.Ed.2d 547 (1976).

In *754 Orange Ave., Inc. v. City of West Haven*, 761 F.2d 105, 107, 113 (2d Cir.1985), the Second Circuit affirmed the issuance of a preliminary injunction on behalf of an adult entertainment business seeking a permit to operate in the city. The court upheld the district court's finding of irreparable injury because terms in the governing ordinance were so "undefined, ambiguous and sweeping" that it would "impermissibly vest in the [decisionmaking body] an unfettered freedom to characterize any use" as being subject to the ordinance. *Id.* at 110–11. "To anyone who would contemplate establishing a bookstore business within the City's jurisdiction, the City's threat to enforce its zoning and licensing ordinances against [plaintiff] operates as a prior restraint" because of the ordinance's absence of guiding definitions. *Id.* at 111. *See also Janra Enterprises, Inc. v. City of Reno*, 818 F.Supp. 1361, 1364 (D.Nev.1993) ("If plaintiff [adult bookstore] was denied the opportunity to open its store

at all, it would lose the opportunity to exercise its First Amendment rights. These harms are considered irreparable."). Accordingly, E.B.S. has shown irreparable injury in this case.

In addition, E.B.S. has demonstrated. a substantial likelihood of success on the merits. The failure of the Las Cruces zoning ordinance, § 6.1M(4), to define the terms "specified sexual activities" or "specified anatomical areas" renders the ordinance constitutionally infirm. The ordinance is impermissibly vague and overbroad, in violation of the First Amendment and the due process clauses of the Fifth and Fourteenth Amendments.

The Las Cruces zoning ordinance at issue is identical to ordinances upheld in other cases except in one critical respect: failure to define its terms. *In Young v. American Mini Theatres*, 427 U.S. 50, 59, 96 S.Ct. 2440, 2447, 49 L.Ed.2d 310 (1976), the Court upheld against vagueness objections a Detroit ordinance virtually identical to Las Cruces', except that the Detroit ordinance defined "specified sexual activities" and "specified anatomical areas." [1] *See also SDJ, Inc. v. City of Houston*, 837 F.2d 1268, 1278–79 n. 36 (5th Cir.1988) (upholding nearly identical ordinance, but with terms defined), cert. denied, 489 U.S. 1052, 109 S.Ct. 1310, 103 L.Ed.2d 579 (1989); *Gold Watch, Inc. v. City of Memphis*, 1989 WL 61225, at *1, 1989 Tenn. LEXIS 320, at *3–4 (Tenn. June 12, 1989) (same; suggesting failure to define terms would render statute impermissibly vague). In Las Cruces, sellers of materials containing "specified· sexual activity" or "specified anatomical areas" must obtain a permit to disseminate speech. Failure to do so results in criminal prosecution. Unfortunately, nowhere in the code are anatomical areas or sexual activities "specified." Such complete vagueness does not meaningfully constrain the exercise of the discretion of the Las Cruces Planning and Zoning Commission and inevitably leads

to arbitrary and erratic application and enforcement. Where a vague ordinance "abuts upon sensitive areas of basic First Amendment freedoms, it operates to inhibit the exercise of those freedoms. Uncertain meanings inevitably lead citizens to steer far wider under the unlawful zone than if the boundaries of the forbidden areas were clearly marked." *Grayned v. City of Rockford*, 408 U.S. 104, 109, 92 S.Ct. 2294, 2299, 33 L.Ed.2d 222 (1972) (citations and quotations omitted). Lack of meaningful restraints on the exercise of a licensor's power in itself violates the First Amendment. *See City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 108 S.Ct. 2138, 100 L.Ed.2d 771 (1988) and *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990). As criminal prosecutions can result for failure to abide by the permitting requirement, and because the ordinance fails to effectively provide reasonable notice as to the conduct proscribed, due process concerns are implicated as well. *See United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989 (1954). Hence, the ordinance on its face violates both First Amendment and due process guarantees.

The ordinance is also flagrantly and patently overbroad in that it purports to require a permit for, and can criminally punish, constitutionally protected speech. "Specified sexual activities" could conceivably apply to any entertainment medium depicting even the most innocuous sexual conduct. As the Supreme Court has held numerous times, entertainment, as well as political speech, is protected by the First Amendment. *Schad v. Mount Ephraim*, 452 U.S. 61, 65, 101 S.Ct. 2176, 2181, 68 L.Ed.2d 671 (1981). "Specified anatomical areas," without more, might encompass mere nudity. "Nudity alone does not place otherwise protected material outside the mantle of the First Amendment." *Id.* at 66, 101 S.Ct. at 2181.

---

**1.** The Detroit ordinance defined "specified sexual activities" as "(1) human genitals in a state of sexual stimulation or arousal; (2) acts of human masturbation, sexual intercourse or sodomy; and (3) fondling or other erotic touching of human genitals, pubic region, buttock or female breast." "Specified anatomical areas" were defined as

"(1) less than completely and opaquely covered: (a) human genitals, pubic region, (b) buttock, and (c) female breast below a point immediately above the top of the areola; and (2) human male genitals in a discernibly turgid state, even if completely and opaquely covered." *Young*, 427 U.S. at 53 n. 4, 96 S.Ct. at 2444 n. 4.

The Court declines Defendants' invitation to supply definitions to these terms, as if this Court could act in such a legislative capacity. The Las Cruces ordinance, as drafted, is impermissibly vague and arbitrarily sweeps within its ambit constitutionally protected speech and therefore cannot stand.

Wherefore,

**IT IS ORDERED, ADJUDGED AND DECREED** that Plaintiff E.B.S.'s motion for preliminary injunction be, and hereby is, granted. The Court hereby enjoins the City of Las Cruces from enforcing its special permitting requirement for adult amusement establishments and adult book stores in § 6.1M(4) of the Las Cruces Zoning Code.

**IT IS FURTHER ORDERED** that Defendants' motion to disqualify Plaintiffs' attorneys be, and hereby is, denied.