In the Matter of An Investigation Pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 et seq., concerning: **BUNKER LIMITED PARTNERSHIP.**

**BUNKER LIMITED PARTNERSHIP, a limited partnership, Plaintiff-Counterdefendant-Appellant,**

v.

**The UNITED STATES of America and the Regional Administrator, United States Environmental Protection Agency, Defendant-Counterclaimant-Appellee.**

**BUNKER HILL LTD., a partnership, Plaintiff-Appellee,**

**Pintlar Corp., Plaintiff-Intervenor,**

v.

**UNITED STATES of America; United States Environmental Protection Agency, Defendants-Appellants.**

Nos. 85–4257, 86–3837.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 1987.

Decided June 19, 1987.

---

5. *See supra* n. 2.

William D. Symmes, Leslie R. Weatherhead, Spokane, Wash., for plaintiff-counter-defendant-appellant-appellee.

Anne S. Almy, Martin W. Matzen, Washington, D.C., Jeffrey W. Ring, Boise, Idaho, for defendants-counterclaimants-appellees-appellants.

Before WALLACE, FLETCHER and BRUNETTI, Circuit Judges.

WALLACE, Circuit Judge:

In these consolidated appeals, Bunker Limited Partnership (Bunker) appeals the district court's denial of its motion to quash an ex parte administrative warrant granted to the Environmental Protection Agency (EPA) pursuant to 42 U.S.C. § 9604(e) (1982) (amended 1986). The EPA appeals the district court's order granting Bunker's motion for a protective order limiting the scope of the EPA's search under the war-

rant. We have jurisdiction pursuant to 28 U.S.C. § 1291. We dismiss the appeals and remand to the district court with the instruction to vacate the orders and to dismiss the actions as moot.

## I

Bunker owns and operates a mining and smelting complex near Kellogg, Idaho. In April of 1985, the EPA informed Bunker that it was initiating a study of Bunker's site under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601–9657 (1982) (amended 1986). The EPA requested that Bunker provide the EPA and certain Idaho state officials with access to the sites and to a variety of information in Bunker's possession. After extended but ultimately unsuccessful negotiations between the parties regarding the terms and conditions for EPA access to the site, the EPA applied ex parte to the district court for an administrative entry and inspection warrant on the basis of section 104(e) of CERCLA, 42 U.S.C. § 9604(e) (1982) (amended 1986). On September 25, 1985, a United States magistrate issued the warrant, which permitted the EPA both to enter Bunker's site and to inspect any documents there that were "responsive" to the EPA's earlier request for information.

Bunker promptly moved to stay and, soon thereafter, to quash the warrant, arguing that section 9604(e) did not authorize EPA entry in this situation and therefore did not empower the EPA to obtain an ex parte administrative warrant. The EPA then moved to dissolve the stay. The district judge consolidated the motions and, on October 21, 1985, denied Bunker's motion to quash, holding that section 9604(e) authorized the issuance of the warrant. The following day, Bunker filed a notice of appeal and moved this court for a stay. We granted a temporary stay which expired on October 28, 1985. On October 31, the EPA commenced a series of inspections of Bunker's site.

By this time, Bunker had gathered for presentation to the EPA those documents that it deemed to be within the scope of the EPA's original request for information. The EPA, however, wished to conduct a general search of Bunker's premises for further potentially relevant documents. Bunker refused, and moved the district court for a protective order limiting the EPA to the inspection of those documents that Bunker had selected. The district court granted Bunker's motion on December 5. The EPA timely appealed this protective order, and this appeal was consolidated with Bunker's appeal challenging the validity of the administrative warrant.

The EPA subsequently completed the inspections it was permitted under the administrative warrant as limited by the protective order. The last extension to the warrant expired December 20, 1985.

## II

The parties present two main issues. First, Bunker asserts, and the EPA denies, that CERCLA does not provide the EPA a right of entry onto Bunker's premises because section 9604(e) permits entry only to determine the need for a response, and the EPA has, in fact, already determined that a response is needed. Second, the parties dispute whether section 9604(e) gives the EPA the power to employ an ex parte administrative warrant to enter and inspect Bunker's premises and to inspect Bunker's documents. Assuming that CERCLA does permit the EPA to employ such an administrative warrant, Bunker argues that the warrant's scope should be limited to no more than the information and inspection results necessary to make an initial determination as to whether a response is needed. The EPA argues that the district court should not have limited the administrative warrant's scope to the documents that Bunker itself chose to produce.

Before reaching the merits of these appeals, we must first determine whether these cases are moot, for "we lack jurisdiction to hear moot cases." *Enrico's, Inc. v. Rice,* 730 F.2d 1250, 1253 (9th Cir.1984) (*Enrico's*). The administrative warrant before us has already been executed and its last extension expired December 20, 1985. No further extensions were sought.

The parties cite no collateral continuing legal disputes to which the execution of the administrative warrant has given rise. The speculative contingency that such issues might arise "afford[s] no basis for our passing on the substantive issues." *Burke v. Barnes*, —— U.S. ——, 107 S.Ct. 734, 737, 93 L.Ed.2d 734 (1987) (*Burke*), quoting *Hall v. Beals*, 396 U.S. 45, 49–50, 90 S.Ct. 200, 202, 24 L.Ed.2d 214 (1969) (per curiam).

■ In addition, during the pendency of this appeal Congress enacted extensive amendments to 42 U.S.C. § 9604(e) as part of the Superfund Amendments & Reauthorization Act of 1986 (SARA), Pub.L. No. 99–499, 100 Stat. 1613 (1986). Section 104(m) of SARA amends the language of section 9604(e)(1) to permit the EPA access not only for the purpose of "determining the need for response" but for "choosing or taking any response action under this [title]" as well. Where intervening legislation has settled a controversy involving only injunctive or declaratory relief, the controversy has become moot. *See Diffenderfer v. Central Baptist Church, Inc.*, 404 U.S. 412, 414–15, 92 S.Ct. 574, 575–76, 30 L.Ed.2d 567 (1972) (per curiam); *Collins v. Hoke*, 705 F.2d 959, 963 (8th Cir.1983) (issue of whether district court erred in holding that county had no authority to provide for placement in care facility mooted by passage of statute granting county this authority); 13A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3533.6 at 337–38 (1984). By applying this principle, the scope of the issue is reduced. The parties agree that section 9604(e) as amended does not limit the EPA's access to an initial determination of whether a response is needed, and concede therefore that the dispute regarding the proper purpose of EPA entry under the original section 9604(e) has become moot. The only issue before us, therefore, is whether the dispute regarding the EPA's power to obtain an ex parte administrative warrant under original section 9604(e) is also moot.

The parties concede that there is no relief this court can provide to undo the execution of the administrative warrant. Both parties argue, however, that we should nevertheless hear the appeal because it falls under the well-established exception to mootness applying to controversies "capable of repetition, yet evading review." *Luckie v. EPA*, 752 F.2d 454, 458 (9th Cir.1985) (*Luckie*); *see also California Coastal Commission v. Granite Rock Co.*, —— U.S. ——, 107 S.Ct. 1419, 1424, 94 L.Ed.2d 577 (1987); *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975) (per curiam) (*Weinstein*). In addition, Bunker argues on the basis of our opinion in *In re Combined Metals Reduction Co.*, 557 F.2d 179, 191–92 (9th Cir.1977) (*Combined Metals*), that we should not dismiss this case as moot because Bunker took "every step open to it to attempt to preserve the status quo." We deal with the latter contention first.

### A.

■ Bunker's argument rests on a misapprehension of *Combined Metals*. Our opinion in that case does not stand for the proposition that we will not find a case moot where a party has done everything possible to preserve the status quo. It merely states that a party may not profit from the "capable of repetition, yet evading review" exception to mootness, where through his own failure to seek and obtain a stay he has prevented an appellate court from reviewing the trial court's decision. The exception was designed to apply to situations where the type of injury involved inherently precludes judicial review, not to situations where the failure of parties to take certain actions has precluded review as a practical matter. *See In re Kulp Foundry, Inc.*, 691 F.2d 1125, 1130 (3d Cir.1982); *United States v. Cleveland Electric Illuminating Co.*, 689 F.2d 66, 68 (6th Cir.1982) (per curiam) (*Cleveland Electric*); *Marshall v. Whittaker Corp.*, 610 F.2d 1141, 1146 (3d Cir.1979). Situations of the latter type do not by their nature evade review. *See Cleveland Electric*, 689 F.2d at 68.

### B.

We therefore turn to the issue of whether this case fits the exception established for situations "capable of repetition, yet evading review." In a non-class action case, this exception is available only if "the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and ... there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Luckie*, 752 F.2d at 458, *quoting Weinstein*, 423 U.S. at 149, 96 S.Ct. at 348, *see also Sample v. Johnson*, 771 F.2d 1335, 1339 (9th Cir.1985), *cert. denied*, — U.S. ——, 106 S.Ct. 1206, 89 L.Ed.2d 319 (1986). In order for this exception to be applicable to the case before us, therefore, there must be a reasonable expectation that the EPA will again seek to enter and inspect Bunker's premises by obtaining an administrative warrant under the original version of section 9604(e).

■ The EPA cannot again seek an administrative warrant under the original version of section 9604(e). Instead, it would seek one under section 9604(e) as amended by section 104(m) of SARA, which changed section 9604(e) in a number of respects. Where new legislation represents a complete substitution for the law as it existed at the time of a district court's decision, arguments based upon the superseded part are moot. *Arkansas v. Goldschmidt*, 627 F.2d 839, 842 (8th Cir.1980) (per curiam); *Pugh v. Rainwater*, 572 F.2d 1053, 1059 (5th Cir.1978) (en banc); *see also Kremens v. Bartley*, 431 U.S. 119, 128–29, 97 S.Ct. 1709, 1714–15, 52 L.Ed.2d 184 (1977). The EPA and Bunker, however, contend that the administrative warrant issue is still "live" because the amendments to CERCLA did not substantially alter the existing law on the issue before us. Thus, the parties argue that the administrative warrant dispute is capable of repetition because the EPA's powers, at least as far as administrative warrants are concerned, are functionally identical under both CERCLA and SARA.

■ The basis of this argument is not without merit. Congress sometimes chooses to use, in a new statutory provision, language identical to or differing only insignificantly from language it used in the statutory provision that it supersedes. When this occurs, it is not unreasonable for us to presume, at least for the purpose of determining whether an issue arising under the old provision has become moot, that Congress intended the new provision to mean essentially the same thing as the old one. In such a situation, the controversy may not be moot. *See National Association of Neighborhood Health Centers, Inc. v. Mathews*, 551 F.2d 321, 339 (D.C.Cir. 1976) (case not necessarily moot where new statute "in pertinent part, appears quite similar to the old one"). Although we are only permitted to interpret the old statutory provision that is before us, if the new statutory provision has manifestly not changed the law, a controversy arising under the old statutory provision will be capable of repetition under the new one. If so, the controversy is not moot.

Thus, the question before us is whether the original and amended sections are manifestly alike and, therefore, that the issue presented by the EPA's resort to an administrative warrant in this case remains capable of repetition under the amended section. For this to be the case, it would have to be clear on the face of the section and amended section that the EPA's power to employ administrative warrants was essentially the same.

■ We do not believe that the two sections are sufficiently similar for us to conclude that the powers to employ an administrative warrant under the old and the new versions of section 9604(e) are manifestly alike. Section 104(m) of SARA amended section 9604(e) to add a new procedure permitting the EPA to issue a compliance order "[i]f consent is not granted regarding any request" made under those subsections of section 9604(e) that govern the EPA's information gathering and access authority. 42 U.S.C. § 9604(e)(5) (as amended by SARA § 104(m)). The amended statute also permits the EPA to "commence a civil action to compel compliance" with such an order and requires courts to enjoin interfer-

ence with the fulfillment of these orders in certain circumstances. *Id.* The EPA enjoyed neither of these powers under the superseded version of section 9604(e). While we express no opinion on the issue, it is at least theoretically possible that this new compliance order mechanism was intended to be a substitute for any administrative warrant powers that might have existed under the pre-amendment version of the statute. We therefore cannot say that it is manifest that SARA has not altered the law on this issue.

■ Amended section 9604(e) also includes a catch-all provision stating that "[n]othing in this subsection shall preclude the President from securing access or obtaining information in any other lawful manner." 42 U.S.C. § 9604(e)(6). The EPA argues that this provision means that the agency continues to enjoy under SARA any administrative warrant powers that it enjoyed under CERCLA as originally enacted. In effect, the EPA requests us to give an advisory opinion on the meaning of the SARA amendments. It is not SARA but CERCLA that is before us. Therefore, we need go no further in our mootness analysis than to observe that the original version of the statute contains no provision parallel to the new section 9604(e)(6). The old statute contains nothing that we could say was manifestly like this new provision. Nor are we in a position to interpret the language of this new section. Offering an advisory opinion construing a statute that is not before us in order to grasp at a finding of a live controversy embodies obvious and fundamental inconsistencies, and is contrary to the case or controversy requirement. *See Enrico's,* 730 F.2d at 1253.

Since it is not manifest that SARA has not altered the law on the administrative warrant issue, we have no basis for concluding that the situation before us—an attempt by the EPA to employ an administrative warrant under the pre-amendment statutory scheme of CERCLA—is, as a practical matter, capable of repetition. Therefore, we dismiss the appeals and remand these cases to the district court with instructions to vacate the orders and to dismiss the actions as moot. *See Burke,* 107 S.Ct. at 737.

APPEALS DISMISSED AND REMANDED WITH INSTRUCTIONS.