**Duane BOYLE, through his guardians Marion and Robert BOYLE; Gregory Kingery, through his guardians John and Bea Kingery; David Golder; Douglas J. Fenner, Plaintiffs–Appellants,**

v.

**Dennis BRADDOCK, in his official capacity as the Secretary of the Washington Department of Social and Health Services, Defendant–Appellee.**

No. 03–35312.

D.C. No. CV–01–05687–FDB.

United States Court of Appeals, Ninth Circuit.

Argued Oct. 4, 2004.

Submitted March 29, 2005.

Decided March 29, 2005.

Patricia J. Arthur, Esq., Columbia Legal Services Institutions Project, Eleanor Hamburger, Esq., Sirianni Youtz Meier & Spoonemore, Seattle, WA, Jane Perkins, Esq., Sarah Somers, National Health Law Program, Chapel Hill, NC, Patricia J. Arthur, Esq., Jane Perkins, Esq., for Plaintiffs–Appellants.

Eleanor Hamburger, Esq., William L. Williams, Esq., Edward J. Dee, Esq., Office of the Attorney General Social & Health Services, Olympia, WA, for Defendants–Appellees.

Appeal from the United States District Court for the Western District of Washington, Franklin D. Burgess, District Judge, Presiding.

Before KOZINSKI, FERNANDEZ, and CLIFTON, Circuit Judges.

## MEMORANDUM [*]

Duane Boyle and three other developmentally disabled adults (collectively Boyle) appeal the district court's denial of class certification and dismissal of their action against Dennis Braddock in his official capacity as Secretary of the Washington State Department of Social and Health Services (hereafter DSHS). We affirm in part, and reverse and remand in part.

■■■ (1) DSHS asserts that this case has become moot because the Medicaid waiver program it refers to no longer exists, and four new Medicaid waiver programs have taken its place. By the same token, says DSHS, complaints about the four new programs are not ripe. We disagree on both counts.

The long and the short of it is that Boyle attacks problems that are endemic to the programs, old and new. Thus, this is not a case of complaining about an action that has already been completed,[1] or of the total repeal of a statute or withdrawal of a rule that was allegedly improper,[2] or a case where we cannot affect the litigants'

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[1.] See Seven Words LLC v. Network Solutions, 260 F.3d 1089, 1095 (9th Cir.2001).

[2.] See Students for a Conservative Am. v. Greenwood, 378 F.3d 1129, 1131 (9th Cir.2004); Smith v. Univ. of Wash., Law Sch., 233 F.3d 1188, 1193–94 (9th Cir.2000).

rights.[3] Rather, it is one where the problems can be recrudescent, even if they have been voluntarily ameliorated for a time,[4] and the program differences are not significant as far as the current complaints are concerned.[5] For much the same reasons, the issues were, and remain, ripe.[6] It cannot be said that no effective declaratory or injunctive relief is now possible. *See Church of Scientology v. United States,* 506 U.S. 9, 12–13, 113 S.Ct. 447, 449–50, 121 L.Ed.2d 313 (1992).

■ (2) The district court determined that *Burford*[7] abstention applies to the claims in this case. We review that contention de novo[8] and we disagree. *Burford* abstention is "an extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it." *City of Tucson,* 284 F.3d at 1133 (citation and internal quotation marks omitted). Here, we deal with the administration of a federal program, and cannot say that any *Burford* considerations militate in favor of deferring to the State. *See United States v. Morros,* 268 F.3d 695, 705 (9th Cir.2001); *see also City of Tucson,* 284 F.3d at 1133.

■ (3) The district court also determined that Boyle must exhaust state ad-ministrative remedies before he can maintain this action under 42 U.S.C. § 1983. Again, we beg to differ. In the absence of a statutory provision to the contrary, it is not necessary to exhaust administrative remedies before commencing a § 1983 action. *See Wilder v. Va. Hosp. Ass'n,* 496 U.S. 498, 523, 110 S.Ct. 2510, 2524–25, 110 L.Ed.2d 455 (1990); *Patsy v. Bd. of Regents,* 457 U.S. 496, 516, 102 S.Ct. 2557, 2568, 73 L.Ed.2d 172 (1982).

We are aware that the district court has discretion to require administrative exhaustion in a proper case,[9] but that discretion is not unbounded,[10] and application of the appropriate balancing test[11] satisfies us that this was not a proper case.

(4) The district court denied certification of a class. *See* Fed.R.Civ.P. 23(a). We will reverse a denial of class certification only if we find an abuse of discretion. *See Smith,* 233 F.3d at 1193. We are not able to say that the decision was outside the broad range that is encompassed by the abuse of discretion standard.

Appellee's motion to dismiss is DENIED. AFFIRMED as to denial of class certification. REVERSED and REMANDED as to abstention and failure to

---

**3.** *See Native Vill. of Noatak v. Blatchford,* 38 F.3d 1505, 1509 (9th Cir.1994).

**4.** *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 189–90, 120 S.Ct. 693, 708–09, 145 L.Ed.2d 610 (2000); *Smith,* 233 F.3d at 1194.

**5.** *See Bunker Ltd. P'ship v. United States (In re Bunker Ltd. P'ship),* 820 F.2d 308, 312 (9th Cir.1987).

**6.** *See Arizona v. Atchison, Topeka & Santa Fe R.R. Co.,* 656 F.2d 398, 402–03 (9th Cir.1981).

**7.** *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 14244 (1943); *see also*

*Tucker v. First Md. Sav. & Loan, Inc.,* 942 F.2d 1401, 1405 (9th Cir.1991).

**8.** *City of Tucson v. U.S. W. Communications, Inc.,* 284 F.3d 1128, 1132 (9th Cir.2002).

**9.** *See Leorna v. United States Dep't of State,* 105 F.3d 548, 550 (9th Cir.1997); *Hoeft v. Tucson Unified Sch. Dist.,* 967 F.2d 1298, 1302 (9th Cir.1992).

**10.** *See United States v. Cal. Care Corp.,* 709 F.2d 1241, 1248 (9th Cir.1983).

**11.** *See id.; see also El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review,* 959 F.2d 742, 747 (9th Cir.1991).

exhaust. The parties shall bear their own costs on appeal.