The ARC OF WASHINGTON STATE INC., a Washington Corporation on behalf of its members; Guadalupe E. Cano, by and through her guardian Delia C. Cano; Olivia Murguia, by and through her guardian Teri L. Hewett; Lorianne V. Ludwigson, by and through her guardians Donald and Sheryl Ludwigson, Plaintiffs–Appellants,

v.

Dennis BRADDOCK, in his official capacity as the Secretary of the Washington Department of Social and Health Services; * Department of Social & Health Services State of Washington; Financial Management Office of the State of Washington; Marty Brown, in his official capacity as Director of the Washington Office of Financial Management; Timothy R.

Brown, in his official capacity as the Director of the Washington State Division of Developmental Disabilities; Developmental Disabilities Division; Christine Gregoire,** in her capacity as Governor of the State of Washington, Defendants–Appellees.

No. 03–35605.

D.C. No. CV–99–05577–FDB.

United States Court of Appeals, Ninth Circuit.

Argued Oct. 4, 2004.

Submitted March 29, 2005.

Decided March 29, 2005.

---

* Dennis Braddock is substituted for his predecessor, Lyle Quasim, as Secretary of the Washington Department of Social and Health Services. Fed. R.App. P. 43(c)(2).

** Christine Gregoire is substituted for her predecessor, Gary Locke, as Governor of the State of Washington. Fed. R.App. P. 43(c)(2).

Larry A. Jones, Esq., Christine Thompson Ibrahim, Law Office of Larry A. Jones, Seattle, WA, for Plaintiffs–Appellants.

Edward J. Dee, Esq., Office of The Attorney General Social & Health Services, Olympia, WA, William M. Van Hook, Esq., Lucy Isaki, Esq., Washington State Attorney General's Office Assistant Attorney General, Olympia, WA, for Defendants–Appellees.

Before KOZINSKI, FERNANDEZ, and CLIFTON, Circuit Judges.

MEMORANDUM \*\*\*

The Arc of Washington State, Inc., and three developmentally disabled individuals (collectively Arc unless otherwise apparent from the discussion) appeal the grant of partial summary judgment against them, decertification of a class, and dismissal of their action against the Washington State Department of Social and Health Services and others (collectively DSHS). They claim that the district court committed nu-

merous errors.[1] We affirm in part, reverse in part, and remand.

■ (1) DSHS asserts that this case has become moot because the Medicaid waiver program it refers to no longer exists, and four new Medicaid waiver programs have taken its place. By the same token, says DSHS, complaints about the four new programs are not ripe. We disagree on both counts.

The long and the short of it is that Arc attacks problems that are endemic to the programs, old and new. Thus, this is not a case of complaining about an action that has already been completed,[2] or of the total repeal of a statute or withdrawal of a rule that was allegedly improper,[3] or a case where we cannot affect the litigants' rights.[4] Rather, it is one where the problems can be recrudescent, even if they have been voluntarily ameliorated for a time,[5] and the program differences are not significant as far as the current complaints are concerned.[6] For much the same reasons, the issues were, and remain, ripe.[7] It cannot be said that no effective declaratory or injunctive relief is now possible. *See Church of Scientology v. United States,* 506 U.S. 9, 12–13, 113 S.Ct. 447, 449–50, 121 L.Ed.2d 313 (1992).

(2) Arc asserts that the district court erred when it determined that Arc lacked standing. We agree. A plaintiff must show an injury in fact, a causal connection between the conduct in question and the injury, and a likelihood that the injury will be redressed by a favorable ruling. *See Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 124 S.Ct. 2301, 2308–09, 159 L.Ed.2d 98 (2004); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).

■ In this case, Arc has representational standing. *See Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 342–43, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977). Its request for declaratory and injunctive relief does not require individual participation by Arc members. *See Or. Advocacy Ctr. v. Mink,* 322 F.3d 1101, 1112–13 (9th Cir.2003); *Columbia Basin Apartment Ass'n v. City of Pasco,* 268 F.3d 791, 799 (9th Cir.2001); *Associated Gen. Contractors of Am. v. Metro. Water Dist. of S. Cal.,* 159 F.3d 1178, 1181 (9th Cir.1998). It does not matter that there might be some conflict among Arc members. *See Associated Gen. Contractors of Cal., Inc. v. Coalition for Econ. Equity,* 950 F.2d 1401, 1408–09 (9th Cir.1991). The interests Arc seeks to protect are germane to its purpose, and Arc's members have standing to sue in their own right. Also, Arc has standing in its own right because it has sufficiently shown that DSHS's action and inaction tends to frus-

---

1. Their claim that the Americans with Disabilities Act was violated is disposed of in an opinion filed this date. All other issues are disposed of in this memorandum disposition.

2. *See Seven Words LLC v. Network Solutions,* 260 F.3d 1089, 1095 (9th Cir.2001).

3. *See Students for a Conservative Am. v. Greenwood,* 378 F.3d 1129, 1131 (9th Cir.2004); *Smith v. Univ. of Wash., Law Sch.,* 233 F.3d 1188, 1193–94 (9th Cir.2000).

4. *See Native Vill. of Noatak v. Blatchford,* 38 F.3d 1505, 1509 (9th Cir.1994).

5. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 189–90, 120 S.Ct. 693, 708–09, 145 L.Ed.2d 610 (2000); *Smith,* 233 F.3d at 1194.

6. *See Bunker Ltd. P'ship v. United States (In re Bunker Ltd. P'ship),* 820 F.2d 308, 312 (9th Cir.1987).

7. *See Arizona v. Atchison, Topeka & Santa Fe R.R. Co.,* 656 F.2d 398, 402–03 (9th Cir.1981).

trate Arc's mission and divert its resources. *See Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1105–06 (9th Cir. 2004); *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir.2002); *El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review*, 959 F.2d 742, 748 (9th Cir.1991).

■ (3) The district court determined that *Burford*[8] abstention applies to the claims in this case. We review that contention de novo[9] and we disagree. *Burford* abstention is "an extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it." *City of Tucson*, 284 F.3d at 1133 (citation and internal quotation marks omitted). Here, we deal with the administration of a federal program, and cannot say that any *Burford* considerations militate in favor of deferring to the State. *See United States v. Morros*, 268 F.3d 695, 705 (9th Cir.2001); *see also City of Tucson*, 284 F.3d at 1133.

■ (4) The district court also determined that Arc must exhaust state administrative remedies before it can maintain this action under 42 U.S.C. § 1983. Again, we beg to differ. In the absence of a statutory provision to the contrary, it is not necessary to exhaust administrative remedies before commencing a § 1983 action. *See Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 523, 110 S.Ct. 2510, 2524–25, 110 L.Ed.2d 455 (1990); *Patsy v. Bd. of Regents*, 457 U.S. 496, 516, 102 S.Ct. 2557, 2568, 73 L.Ed.2d 172 (1982).

We are aware that the district court has discretion to require administrative exhaustion in a proper case,[10] but that discretion is not unbounded,[11] and application of the appropriate balancing test[12] satisfies us that this was not a proper case.

(5) Because class action considerations are especially within the expertise of the district court, we review for abuse of discretion. *Smith v. Univ. of Wash., Law Sch.*, 233 F.3d 1188, 1193 (9th Cir.2000). After the class was certified, the district court determinated that, as matters developed, the class representative could not, in fact, fairly and adequately protect class interests. *See* Fed.R.Civ.P. 23(a)(4); *Cummings v. Connell*, 316 F.3d 886, 895–96 (9th Cir.2003); *Soc. Servs. Union, Local 535 v. County of Santa Clara*, 609 F.2d 944, 948–49 (9th Cir.1979); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–27 & n. 20, 117 S.Ct. 2231, 2250–51 & n. 20, 138 L.Ed.2d 689 (1997); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir.1998). We are not able to say that the decision was outside the broad range that is encompassed by the abuse of discretion standard.

(6) The district court did not err when it denied Arc's first motion for summary judgment. In the motion, Arc only offered one conclusory declaration to support its claim that no genuine issue of material fact existed. Conclusory allegations are an insufficient basis upon which to grant a motion for summary judgment. *See Walker v. Sumner*, 917 F.2d 382, 387 (9th Cir.1990). The district court never

---

**8.** *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); *see also Tucker v. First Md. Sav. & Loan, Inc.*, 942 F.2d 1401, 1405 (9th Cir.1991).

**9.** *City of Tucson v. U.S. W. Communications, Inc.*, 284 F.3d 1128, 1132 (9th Cir.2002).

**10.** *See Leorna v. United States Dep't of State*, 105 F.3d 548, 550 (9th Cir.1997); *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1302 (9th Cir.1992).

**11.** *See United States v. Cal. Care Corp.*, 709 F.2d 1241, 1248 (9th Cir.1983).

**12.** *Id.; see also El Rescate*, 959 F.2d at 747.

did address the evidence submitted in Arc's second motion for summary judgment because the district court granted the motions to dismiss instead. We need not, should not, and will not address that evidence in the first instance. *See Davis v. United States Dep't. of Hous. & Urban Dev.*, 627 F.2d 942, 945 (9th Cir.1980).

Appellees motion to dismiss is DENIED. AFFIRMED as to the class decertification and Arc's first summary judgment motion; REVERSED and REMANDED as to standing, abstention and failure to exhaust. The parties shall bear their own costs on appeal.

See also 2005 WL 736636.

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.