**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILD EQUITY INSTITUTE; CENTER FOR BIOLOGICAL DIVERSITY; NATIONAL PARKS CONSERVATION ASSOCIATION; SURFRIDER FOUNDATION; SEQUOIA AUDUBON, non-profit corporations, | No. 13-15046 <br><br> D.C. No. 3:11-cv-00958-SI |
| Plaintiffs - Appellants, | MEMORANDUM[*] |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO; ED LEE, Mayor of the City and County of San Francisco; PHILIP GINSBURG, Director, City and County of San Francisco Recreation and Park Department, | |
| Defendants - Appellees, | |
| SAN FRANCISCO PUBLIC GOLF ALLIANCE, | |
| Intervenor-Defendant - Appellee. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted March 11, 2015
San Francisco, California

Before: W. FLETCHER, DAVIS[**], and CHRISTEN, Circuit Judges.

Wild Equity Institute appeals from the district court's order dismissing this case as moot. This case originated as an Endangered Species Act (ESA) Section 9 claim against the City and County of San Francisco, which was then operating Sharp Park Golf Course without any type of ESA permit. After Wild Equity filed suit, the City requested that the Army Corps of Engineers initiate consultation with the Fish and Wildlife Service (FWS) under ESA Section 7 in connection with the City's application for a Clean Water Act (CWA) Section 404 permit. The district court stayed proceedings pending the outcome of the consultation, then concluded that the case was moot once FWS issued its Biological Opinion and Incidental Take Statement (ITS) following the Section 7 consultation. Wild Equity argued on appeal that the ITS had no independent force prior to its incorporation into the City's CWA permit. However, the Corps has since issued the relevant permit, which incorporates the terms of the ITS. California has also provided its state

---

[**] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

certification as required under CWA Section 401. Accordingly, and as Wild

Equity has acknowledged, this appeal is moot.

However, Wild Equity argues that the capable of repetition yet evading

review exception to mootness applies. The capable of repetition exception

> permit[s] suits for prospective relief to go forward despite abatement
> of the underlying injury only in the exceptional situations where the
> following two circumstances [are] simultaneously present: (1) the
> challenged action [is] in its duration too short to be fully litigated
> prior to its cessation or expiration, and (2) there [is] a reasonable
> expectation that the same complaining party would be subjected to the
> same action again.

*Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481 (1990) (internal citations and

quotation marks omitted). Neither of these requirements is satisfied here. Because

there is nothing that dictates a short interval between the issuance of an ITS and a

Section 404 permit, the type of action at issue is not necessarily one "of '*inherently*

limited duration'" that belongs to a "class[] of cases that, absent an exception,

would *always* evade judicial review." *Protectmarriage.com-Yes on 8 v. Bowen*,

752 F.3d 827, 836 (9th Cir. 2014) (quoting *Doe No. 1 v. Reed*, 697 F.3d 1235,

1240 (9th Cir. 2012) (emphasis added)). The issuance of the ITS and CWA permit

have also fundamentally changed the legal landscape within which the parties are

operating, reducing the likelihood that this issue will arise again between these

3

particular parties. *See In re Bunker Ltd. P'ship*, 820 F.2d 308, 312 (9th Cir. 1987).

We therefore lack jurisdiction over this appeal.

**APPEAL DISMISSED.**