**Marlene LEORNA, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF STATE; Warren M. Christopher, Secretary of the United States Department of State, Defendants–Appellees.**

No. 95–17297.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 1996.

Decided Jan. 28, 1997.

Jonathan Ellison, Legal Center for the Elderly and Disabled, Sacramento, California, for plaintiff-appellant.

Debora G. Luther, Assistant United States Attorney, Sacramento, California, for defendant-appellee.

Before FLETCHER, WIGGINS, and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

## OVERVIEW

Plaintiff Marlene Leorna filed an action against the United States Department of State ("State Department") alleging discrimination in employment based on disability. The district court granted summary judgment in favor of the State Department, holding that Leorna failed to timely exhaust her administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## FACTS AND PROCEDURAL HISTORY

In 1988, Leorna applied for a position as a foreign service secretary with the State Department. In January 1992, the State Department notified Leorna that she could not receive a medical clearance[1] for worldwide assignment overseas and advised her that she had forty-five days to submit new and relevant medical evidence and request a review of the decision. After receiving this notification, Leorna requested review of the decision and submitted additional medical evidence to the State Department. In April 1993, the State Department formally notified Leorna that her candidacy for employment as a foreign service secretary was terminated because of the medical disqualification. The State Department gave Leorna ninety days to present new relevant medical information for further review.

---

1. Leorna has been diagnosed as having abductor dysphonia and spasmodic torticollis, which causes abnormal muscle contractions in the neck and can be controlled by injections of medicine to those neck muscles.

In August 1993, Leorna contacted an attorney, whom she retained in September 1993. Through her counsel, Leorna wrote to the State Department's Employment Division requesting that her employment application be reinstated. In October 1993, the State Department responded, declining to reinstate Leorna's application and reiterating that Leorna's candidacy was terminated. In February 1994, Leorna's counsel again wrote to the State Department requesting that Leorna's candidacy for employment be reinstated. Leorna claims that she never received a response to this letter.

In July 1994, Leorna's counsel sent letters to the State Department Director, the United States Secretary of State, the Director of the State Department's Equal Employment Opportunity Office and the Equal Employment Opportunity Commission ("EEOC"), discussing the requirements of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791–794e, and requesting that Leorna's employment application be reinstated. Leorna contends, and we assume for purposes of this appeal, that these letters constitute a formal administrative complaint. On January 3, 1995, Leorna filed the complaint in the present action in United States District Court alleging that the State Department violated § 504 of the Rehabilitation Act, 29 U.S.C. § 794, when it denied Leorna employment.

The State Department moved to dismiss Leorna's complaint or, in the alternative, for a grant of summary judgment on the ground that Leorna failed to timely exhaust administrative remedies. The district court granted summary judgment in. favor of the State Department, holding that Leorna failed to timely exhaust her administrative remedies, that Leorna failed to establish that exhaustion of her administrative remedies would have been futile and that the filing period for the Equal Employment Opportunity ("EEO") complaint was equitably tolled only until Leorna retained counsel. Leorna timely appeals.

## STANDARD OF REVIEW

A grant of summary judgment is reviewed *de novo. Warren v. City of Carlsbad,* 58 F.3d 439, 441 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1261, 134 L.Ed.2d 209 (1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.*

The determination of whether a claimant timely exhausted her administrative remedies under the Rehabilitation Act is reviewed *de novo. See Vinieratos v. United States Dep't of Air Force,* 939 F.2d 762, 767–68 (9th Cir.1991). Where, as in the present case, exhaustion of administrative remedies is not specifically required by statute, application of the exhaustion doctrine is within the sound discretion of the district court. *United ed Farm Workers v. Arizona Agric. Employment Relations Bd.,* 669 F.2d 1249, 1253 (9th Cir.1982). We will not disturb the district court's determination of whether exhaustion is required unless there has been a clear abuse of discretion. *Id.*

## ANALYSIS

A. *Timely Exhaustion of Administrative Remedies*

The Rehabilitation Act makes it unlawful for an agency of the United States to discriminate against an applicant for employment solely on the basis of that applicant's disability. 29 U.S.C. § 794; 22 C.F.R. § 144.140. To preserve her right to maintain a suit alleging employment discrimination against an agency of the United States, a claimant must exhaust her administrative remedies by filing a claim of discrimination with the allegedly offending agency in accordance with published procedures. *Brown v. General Servs. Admin.,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976).

The procedures for submitting an employment discrimination claim to the State Department are set forth at 29 C.F.R. Part 1614. 22 C.F.R. § 144.140. Pursuant to these procedures, a claimant must consult the allegedly discriminating agency's EEO counselor prior to filing a complaint in order to try to informally resolve the matter ("pre-complaint processing"). 29 C.F.R.

§ 1614.105(a). The claimant must initiate this contact with the counselor within forty-five days of the date of the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1). If the matter cannot be resolved informally, a complaint must be filed with the agency within fifteen days of the conclusion of the pre-complaint processing. 29 C.F.R. § 1614.106. The agency will dismiss a complaint that fails to comply with the applicable time limits or that raises a matter that has not been brought to the attention of a counselor. 29 C.F.R. § 1614.107.

█ It is undisputed that Leorna failed to timely comply with the appropriate filing periods of Part 1614. However, Leorna contends that her complaint with the State Department's EEO Office should be deemed timely under the doctrine of equitable tolling.

█ The requirement that a claim of discrimination be timely filed with the agency is subject to the doctrine of equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir.), *cert. denied*, 506 U.S. 868, 113 S.Ct. 196, 121 L.Ed.2d 139 (1992). This doctrine has been consistently applied to excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period. *See Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1050 (9th Cir.), *cert. denied*, 484 U.S. 986, 108 S.Ct. 504, 98 L.Ed.2d 502 (1987); *Cooper v. Bell*, 628 F.2d 1208, 1212 (9th Cir.1980). However, once a claimant retains counsel, tolling ceases because she has "gained the 'means of knowledge' of her rights and can be charged with constructive knowledge of the law's requirements." *Stallcop*, 820 F.2d at 1050. *See also Mercado–*

*Garcia v. Ponce Fed. Bank*, 979 F.2d 890, 896 (1st Cir.1992); *Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 353 n. 8 (7th Cir. 1992); *Beshears v. Asbill*, 930 F.2d 1348, 1351 (8th Cir.1991); *McClinton v. Alabama By–Products Corp.*, 743 F.2d 1483, 1486 n. 4 (11th Cir.1984); *Vance v. Whirlpool Corp.*, 716 F.2d 1010, 1012–13 (4th Cir.1983), *cert. denied*, 465 U.S. 1102, 104 S.Ct. 1600, 80 L.Ed.2d 130 (1984); *Kocian v. Getty Refining & Mktg. Co.*, 707 F.2d 748, 755 (3d Cir.), *cert. denied*, 464 U.S. 852, 104 S.Ct. 164, 78 L.Ed.2d 150 (1983); *Keyse v. California Texas Oil Corp.*, 590 F.2d 45, 47 (2d Cir.1978); *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195, 1200 n. 8 (5th Cir.1975).

In the present case, the last act of alleged discrimination occurred in April 1993, when the State Department terminated Leorna's candidacy for employment. Leorna had neither actual nor constructive notice of the filing period at that time. Therefore, the forty-five-day period within which to contact a State Department EEO counselor was tolled until September 1993, when Leorna retained counsel.[2] Leorna then had forty-five days within which to contact an EEO counselor regarding her claim of discrimination.

Leorna's first contact with the State Department's EEO Office was not made until July 14, 1994, when she filed her administrative complaint. This contact was made more than nine months after Leorna retained counsel, well outside of the forty-five-day period required by 29 C.F.R. § 1614.105(a)(1).[3] Leorna's claim of discrimination was therefore untimely.

Because Leorna failed to timely contact a State Department EEO counselor, she has

---

**2.** In her reply brief, Leorna argues that counsel was "only consulted" in September 1993, and that counsel was not actually "retained" until just prior to initiation of the present action. We need not determine whether we would reach a different result if an attorney is "only consulted" instead of "retained" because Leorna admitted in both her first amended complaint and in her opening brief that counsel was "retained" in September 1993. These admissions are binding.

**3.** We do not hold that Leorna's filing of her administrative complaint fulfilled 29 C.F.R.

§ 1614.105(a)'s requirement that she contact the agency's EEO counselor to attempt informal resolution of the dispute prior to the filing of a complaint. Leorna has never complied with this requirement. She has, instead, filed a formal complaint with the EEO Office, entirely by-passing the "pre-complaint processing" requirement. *See* 29 C.F.R. § 1614.105(a). We hold only that, assuming *arguendo* that her failure to follow the required administrative procedures is excusable, her contact with the State Department's EEO Office was untimely.

failed to preserve her right to maintain a suit alleging employment discrimination against the State Department. *See Brown,* 425 U.S. at 832, 96 S.Ct. at 1967.

### B. *Futility of Requiring Exhaustion of Administrative Remedies*

██ Leorna argues that it would have been futile for her to continue to exhaust the administrative procedures after she retained counsel. The district court rejected Leorna's futility argument, stating that Leorna failed "to show that timely action on her part would have proved useless." We agree.

██ Generally, a party must exhaust her administrative remedies before she can obtain judicial review of an agency decision. *United Farm Workers,* 669 F.2d at 1253. The purpose of this requirement is to avoid any unnecessary or premature judicial intervention into the administrative process by allowing the administrative agency in question to exercise its expertise over the subject matter and giving the agency an opportunity to correct any mistake that may have occurred in the proceeding. *Id.* However, exhaustion of administrative remedies is not required where exhaustion would have been futile. *Id.*

At the State Department, the EEO process and the personnel process are distinct and separate: the personnel process is handled through the State Department's Personnel Office and the EEO process is handled through the State Department's EEO Office. Prior to July 1994, Leorna directed her correspondence to the Board of Examiners of the Foreign Service and to the Personnel Office. In this correspondence, Leorna attempted to persuade the Personnel Office to change its mind about her application. It was not until July 1994, that Leorna finally contacted the State Department's EEO Office. Leorna's claim that it became futile for her to "continue" to comply with the administrative complaint procedures is meritless because she did not even attempt to initiate the EEO administrative complaint process until July 1994.[4] By this time, her complaint was

untimely and the State Department was therefore authorized to dismiss it. *See* 29 C.F.R. § 1614.107. There is no evidence that, had Leorna complied with the applicable time limits and procedures, her remedy would have been futile.

### CONCLUSION

Leorna failed to timely exhaust her administrative remedies. The district court did not abuse its discretion in holding that exhaustion of the administrative remedies would not have been futile. We therefore affirm the district court's grant of summary judgment in favor of the State Department.

AFFIRMED.

---

**4.** As previously stated, Leorna has never complied with the administrative requirement that she contact a State Department EEO counselor to attempt informal resolution of the dispute prior to filing a complaint.