122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randall H. CHAPMAN, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General; Thomas Greaney,
Defendants-Appellees.
 No. 96-16762.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided August 27, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-95-00750-HDM; Howard D. McKibben, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Randall Chapman appeals the district court's dismissal of his complaint against the Postmaster General and the United States Post Office under the Rehabilitation Act of 1973, 29 U.S.C. § 701, on the ground that Chapman failed to consult an Equal Employment Opportunity ("EEO") counselor within the requisite period. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the determination of whether a claimant timely exhausted his administrative remedies under the Rehabilitation Act. See Leorna v. United States Dept. of State, 105 F.3d 548, 550 (9th Cir.1997) (citation omitted).
 
 
 4
 Before filing a complaint under the Rehabilitation Act, a claimant must consult the allegedly discriminating agency's EEO counselor within forty-five days of the date of the alleged discriminatory act. See 29 C.F.R. § 1614.105(a)(1). This requirement is subject to the doctrine of equitable tolling, under which the time period "begins to run when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights." Boyd v. United States Postal Serv., 752 F.2d 410, 414 (9th Cir.1985) (citation omitted).
 
 
 5
 Chapman contends that his claim should be deemed timely because he did not suspect discrimination regarding his rehiring until sometime in August, 1993, when a co-worker told him about comments from management regarding his (Chapman's) use of drugs and frequent absenteeism. We agree with the district court, however, that Chapman became aware of the facts supporting a discrimination charge on May 19, 1993, when a manager told him not to expect to be rehired because his supervisors had made negative remarks about his work performance. At that point, or shortly thereafter, when a supervisor told Chapman it would be difficult for the Postal Service to take him back in light of recent tragedies in the Post Offices in Michigan and California, any alleged discrimination would have been apparent to a similarly situated person. See Boyd, 752 F.2d at 414.
 
 
 6
 Chapman further contends that the district court should have equitably tolled the limitation period, because his depression rendered him unable to recognize that he was the victim of discrimination. We disagree. There is no authority to support Chapman's contention that under Boyd, a "similarly situated" person would be someone who suffers from severe depression. Because Chapman did not initiate EEO counseling within the requisite period, the district court properly dismissed his complaint. See Leorna, 105 F.3d at 550.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3