**Suzanne VAN UITERT,
Plaintiff–Appellant,**

v.

**William HENDERSON, Postmaster General of the United States Postal Service, Defendant–Appellee.**

No. 00–35681.

D.C. No. CV–99–01021–DCA.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2001.*

Decided Sept. 20, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Before DAVID R. THOMPSON, TASHIMA, and GRABER, Circuit Judges.

## MEMORANDUM **

Suzanne Van Uitert appeals the district court's summary judgment in favor of the United States Postal Service in her action alleging employment discrimination under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *see Santa Maria v.. Pacific Bell,* 202 F.3d 1170, 1175 (9th Cir.2000), and we affirm.

Van Uitert contends the district court erred in granting summary judgment on the ground that she failed to file a timely appeal of the Postal Service's final agency decision with the Equal Employment Opportunity Commission (EEOC). This contention lacks merit.

■ First, Van Uitert argues that she placed a notice of appeal in a mailbox within 30 days of receiving the final agency decision on November 28, 1998. However, the regulations provide that a notice of appeal shall be deemed timely filed only if it is received or postmarked before the expiration of the applicable 30–day filing period. *See* 29 C.F.R. §§ 1614.402(a), 1614.604(b).

■ Second, Van Uitert argues that there is no evidence in the record to support the magistrate judge's finding that her notice of appeal was not postmarked until December 30, 1998. Van Uitert waived this issue because she failed to file objections to the magistrate judge's report and recommendation with the district court. *See Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir.1998) (stating that failure

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to object to a magistrate judge's recommendation waives all objections to his findings of fact).

Third, Van Uitert argues that her appeal was timely because the EEOC received her notice of appeal within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614 .604(b) ("A document shall be deemed timely if . . . in the absence of a legible postmark, [ ] it is received by mail within five days of the expiration of the applicable filing period."). However, this rule is inapplicable because Van Uitert presented no evidence that the postmark was not legible.

██ Fourth, Van Uitert argues that her notice of appeal was timely filed under 29 C.F.R. § 1614.402(b) because, although she received the final agency decision on November 28, 1998, her counsel did not receive the final agency decision until December 3, 1998. *See* 29 C.F.R. § 1614.402(b) ("If the claimant is represented by an attorney of record, then the 30–day time period . . . shall be calculated from the receipt of the required document by the attorney."). However, this regulation is inapplicable because Van Uitert was not represented by an attorney of record when she received the Postal Service's decision.

Finally, Van Uitert argues that her appeal should be deemed timely because the appeal period should be equitably tolled for the period from her receipt of the Postal Service's decision on November 28, 1998, until the date she gave the decision to her attorney on December 3, 1998. *See*

*Leorna v. United States Dep't of State,* 105 F.3d 548, 551 (9th Cir.1997). Unlike the plaintiff in *Leorna,* however, Van Uitert had actual notice of the 30–day filing period when, on November 28, 1998, she received the Postal Service's final agency decision. The 30–day filing period began to run on that date, and was not tolled by reason of her delivery of the notice to her attorney five days later.[1]

AFFIRMED.

---

1. Although Van Uitert appeared to make an equitable estoppel argument in her opening brief on the ground that "[i]t would be unfair to allow the Agency to take 6 months to advise the Plaintiff that her appeal would not be considered, when that delay in itself cuts off her right to file a direct suit in the Federal District Court," she makes no mention of this argument in her reply brief and concedes that

"Plaintiff does not, as Defendant asserts, claim that Defendant engaged in affirmative misconduct to mislead her." Accordingly, we deem any argument regarding plaintiff's failure to file an action in federal district court on account of the EEOC's delay in ruling on her appeal of the Postal Service's final agency decision to be abandoned.