Quinn RODRIGUEZ, Plaintiff–
Appellant,

v.

John E. POTTER, Postmaster
General;* Defendant–
Appellee.

No. 01–56010.

D.C. No. CV–00–13384–RSWL.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.**

Decided March 21, 2002.

Before CANBY, BEEZER, and PAEZ,
Circuit Judges.

MEMORANDUM***

Quinn Rodriguez appeals pro se the district court's judgment dismissing his action alleging disability discrimination because Rodriguez failed to exhaust his administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal. *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir.2000). We affirm.

The district court certified that this appeal was not taken in good faith. Our review of the record indicates that appellant is entitled to in forma pauperis status for this appeal.

The district court did not convert USPS' motion to dismiss into a motion for summary judgment because courts may consider extra-pleading material in evaluating a motion to dismiss for lack of subject matter jurisdiction. *See id.*

The district court properly dismissed Rodriguez's action because he failed to exhaust administrative remedies by filing an Equal Employment Opportunity ("EEO") complaint within forty-five days of an adverse employment action. *See* 29 C.F.R. § 1614.105(a)(1); *Leorna v. United States Dep't of State*, 105 F.3d 548, 551 (9th Cir.1997).

The district court properly concluded that Rodriguez did not establish that he was entitled to equitable tolling, *see Leorna*, 105 F.3d at 551, waiver, *see Girard v. Rubin*, 62 F.3d 1244, 1246 (9th Cir.1995), or equitable estoppel, *see Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178–79 (9th Cir.2000).

**AFFIRMED.**

---

* John E. Potter, Postmaster General, is substituted for his predecessor in office pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.