**Sidney M. FULWOOD, Plaintiff–Appellant,**

v.

**John E. POTTER,\* Postmaster General, Defendant–Appellee.**

No. 01–16894.

D.C. No. CV–00–03004–VRW.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.\*\*

Decided Sept. 16, 2002.

---

\* John E. Potter is substituted for his predecessor as Postmaster General pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM \*\*\*

Sidney M. Fulwood appeals pro se the district court's summary judgment for the postal service in his Title VII action alleging employment discrimination based on race, sex, and retaliation for protected conduct.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review summary judgment de novo. *Leorna v. U.S. Dep't of State,* 105 F.3d 548, 550 (9th Cir.1997). The district court properly determined that Fulwood failed to exhaust administrative remedies with respect to his claim regarding accommodation of his physical restrictions between December 1995 and April 1996 because he did not seek pre-complaint Equal Employment Opportunity counseling within 45 days of the alleged failure to accommodate. *See* 29 C.F.R. § 1614.105(a)(1); *Leorna,* 105 F.3d at 550–51. The district court properly granted summary judgment on Fulwood's claims of disparate treatment based on race and sex because Fulwood's evidence did not establish a prima facie case of adverse treatment. *See Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir.2000) (noting that "not every employment decision amounts to an adverse employment action") (citation omitted). Similarly, Fulwood failed to present specific, credible evidence sufficient to set forth a

---

1. Fulwood does not dispute that he has abandoned his claims for age and disability discrimination.

prima facie retaliation claim. *See id.* at 928–29. The district court also properly concluded that Fulwood's allegations of harassment, even when considered cumulatively, did not rise to the level of a hostile work environment. *See id.* at 923–24 (stating that work environment must be both subjectively and objectively abusive to constitute hostile work environment).

To the extent Fulwood attempts to assert a separate First Amendment claim for the first time on appeal, we decline to consider it because it was not expressly raised in the first amended complaint. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985).

Fulwood's remaining contentions lack merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.