**George BRENT, Plaintiff—Appellant,**

v.

**Michael DOMINGUEZ, Acting Secretary of the Air Force; et al., Defendants—Appellees.**

No. 06–55130.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 11, 2007.

George Brent, Pasadena, CA, pro se.

Robyn–Marie Lyon Monteleone, Esq., USLA—Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Defendants–Appellees.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

George Brent appeals pro se from the district court's order dismissing his action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by the United States Air Force ("Air Force"), and violations of the Administrative Procedures Act ("APA"), 5 U.S.C. § 551 *et seq.* We have jurisdiction pursu-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ant to 28 U.S.C. § 1291. We review de novo. *Jones v. Blanas,* 393 F.3d 918, 926 (9th Cir.2004) (dismissals based on a statute of limitations); *id.* (decisions whether to apply equitable tolling where the facts are undisputed); *Hale v. Norton,* 476 F.3d 694, 697 (9th Cir.2007) (dismissals for lack of subject matter jurisdiction). We affirm.

The district court properly dismissed Brent's Title VII claims because, despite the Air Force's clear notice to him of his rights, Brent failed timely either to appeal the Air Force's Final Agency Determination of his discrimination claims to the Merit Systems Protection Board or file an action in United States District Court. *See Leorna v. U.S. Dep't of State,* 105 F.3d 548, 551 (9th Cir.1997) (explaining that the doctrine of equitable tolling "has been consistently applied to excuse a claimant's failure to comply with the time limitations where she had *neither actual nor constructive notice* of the filing period") (emphasis added).

We do not address the merits of the district court's dismissal of Brent's APA claims because, in his reply brief, Brent conceded that the dismissal of those claims was proper.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.