*635 MEMORANDUM **
Former Immigration and Naturalization Service (“INS”) employee Donald Bosse appeals the district court’s summary judgment in favor of the government in his disability discrimination lawsuit, which arose out of the INS’s issuance and enforcement of a Leave Restriction Letter (“the Letter”). The district court found that Bosse failed to exhaust administrative remedies with respect to his several claims of disability discrimination and, alternatively, that Bosse failed to prove disability or rebut the government’s non-pretextual reasons for taking adverse action against him. The district court also denied Bosse’s motion for summary judgment; denied Bosse’s motion to strike several affidavits; awarded costs to the government; and dismissed Bosse’s supplemental state law breach of contract and promissory estoppel claims. Bosse appeals all these decisions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court in all respects.[1]
I. Bosse’s Non-termination Claims
The district court properly determined that Bosse failed to administratively exhaust his claims that INS supervisors made offensive statements, placed him on AWOL status and suspended him without pay, because Bosse did not initiate contact with an Equal Employment Opportunity (“EEO”) counselor within 45 days of each adverse action.[2] See 29 C.F.R. § 1614.105(a)(1); Cherosky v. Henderson, 330 F.3d 1243, 1245-46 (9th Cir.2003) (requiring consultation within 45 days of each discrete discriminatory act). It is undisputed that Bosse’s only contact with an EEO counselor occurred December 14, 2001, so Bosse could have exhausted only those claims that accrued on or after October 30, 2001. See Cherosky, 330 F.3d at 1245-46. Bosse alleges no offensive statements or AWOL status occurring between October 30, 2001 and his December 14, 2001 EEO contact, and Bosse’s 14-day suspension occurred long before then. The district court therefore did not err by finding these claims unexhausted.[3] See Leorna v. U.S. Dep't of State, 105 F.3d 548, 551-52 (9th Cir.1997).
Bosse’s allegation that the government’s issuance and enforcement of the Letter discriminated against him on the basis of his disability presents a closer case for exhaustion, because Bosse alleges discrete, discriminatory enforcement of the Letter on or about December 3, 2001.[4] We need not decide whether Bosse exhausted his claim that the Letter was discriminatory, see Boyd v. U.S. Postal Serv., 752 F.2d 410, 414 (9th Cir.1985) (exhaustion is not jurisdictional), because Bosse has failed to establish that the government issued and enforced the Letter “solely” *636 because of Bosse’s alleged disability, see Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1175 (9th Cir.1998). The government offered a non-pretextual reason for issuing and enforcing the letter— Bosse’s undisputed frequent absences— and Bosse has failed to rebut that reason as pretext.[5] See id. at 1175-76 (applying McDonnell Douglas burden shifting to Rehabilitation Act claim). On this claim, we affirm the district court’s alternative determination that Bosse failed to rebut the government’s non-pretextual reason for issuing and enforcing the Letter.
II. Bosse’s Termination Claim
The district court correctly determined that Bosse failed to exhaust his claim that he was terminated in violation of the Rehabilitation Act, again because he did not initiate contact with an EEO counselor within 45 days of his termination. See 29 C.F.R. § 1614.105(a)(1); Cherosky, 330 F.3d at 1245. Instead, Bosse chose to resolve his termination claim under his union’s negotiated arbitration procedure. See .5 U.S.C. § 7121(d). We reject Bosse’s argument that the arbitration procedure was a nullity because, after invoking the EEO procedure, he “[could] not thereafter file a [union] grievance on the same matter.” 29 C.F.R. § 1614.301(a). The record shows that Bosse never invoked the EEO procedure with respect to his termination, and twice requested that the agency not consider his termination claim. See Leorna, 105 F.3d at 551-52 (“Because [plaintiff] failed to timely contact a[n] ... EEO counselor, [he] has failed to preserve [his] right to maintain a suit alleging employment discrimination against the [agency].”).
Bosse’s. argument that equitable tolling should apply to the 45-day consultation period fails for the same reason; Bosse never consulted an EEO counselor regarding his termination claim, within or without the 45-day period.
III. Motions to Strike
The district court did not abuse its discretion by denying Bosse’s motions to strike the declarations of his supervisors Puckett, Garner and Becker. See El Pollo Loco, Inc. v. Hashim, 316 F.3d 1032, 1038 (9th Cir.2003). We reject Bosse’s vague and conclusory assertion that the “portions of the declarations objected to by plaintiff’ were made without the declarants’ personal knowledge or conflict with their other testimony. Bosse’s opening brief does not identify the challenged portions of the declarations, but merely lists several of our articulations of the rule that an affidavit filed under Rule 56(e) must be made on personal knowledge. See, e.g., Shakur v. Schriro, 514 F.3d 878, 889 (9th Cir.2008). Accordingly, “we decline to pick through the [affidavits]” in search of a theory of inadmissability “not articulated to us.” Indep. Towers of Wash. v. Washington, 350 F.3d 925, 930 (9th Cir.2003).
IV. Costs
Bosse’s argument that the government cannot recover costs under the Rehabilitation Act unless his action was frivolous, unreasonable or without foundation is foreclosed by intervening authority. See Martin v. Cal. Dep’t of Veterans Affairs, 560 F.3d 1042, 1052-53 (9th Cir.2009).
The district court did not inappropriately tax reporter appearance fees along with deposition transcript fees. See 28 U.S.C. *637 § 1920. The record shows that the government itemized its costs request, and the district court excluded reporter appearance fees from the costs taxed against Bosse.
V. State Law Claims
The district court properly dismissed Bosse’s breach of contract and promissory estoppel claims because Bosse’s allegations that the government breached enforceable promises are based on the same alleged disability discrimination underlying his Rehabilitation Act claims. The Rehabilitation Act is Bosse’s exclusive remedy for such discrimination. See Boyd, 752 F.2d at 413.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because we affirm the district court's summary judgment in favor of the government, we also affirm the district court's denial of Bosse's motion for summary judgment.

. Bosse had actual notice of the 45-day consultation period as of August 13, 2001, when he acknowledged his 14-day suspension for violating the terms of the Letter.

. Bosse's complaint also generally alleges his employer’s failure to take affirmative action to correct its other discriminatory policies. To the extent this claim is separable from Bosse's more specific allegations, Bosse points to no evidence in the record that he ever contacted an EEO counselor about this issue.

. We note that Bosse's argument that the Letter's terms did not become adverse until December 3, 2001 significantly undermines his claims that his earlier suspension and AWOL status were actionable events.

. In the pretext section of Bosse’s brief, he argues only that the INS failed to offer him reasonable accommodations and that the INS's actions demonstrate unspecified procedural irregularities, without ever asserting that the INS issued and enforced the Letter for reasons other than those the government asserts here.