Wang v. Holder

BIA
A076 506 266

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand fourteen.

PRESENT:
>JON O. NEWMAN,
>ROSEMARY S. POOLER,
>BARRINGTON D. PARKER,
>>*Circuit Judges.*

_____

JING JING WANG,
>*Petitioner,*

>v.                                        11-3811
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:      Vlad Kuzmin, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant
                     Attorney General; Stephen J. Flynn,
                     Assistant Director; James A. Hurley,
                     Attorney, Office of Immigration
                     Litigation, Civil Division, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jing Jing Wang, a native and citizen of the People's Republic of China, seeks review of an August 25, 2011, order of the BIA denying her second motion to reopen. *In re Jing Jing Wang*, No. A076 506 266 (B.I.A. Aug. 25, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). There is no dispute that Wang's motion was time- and number-barred. *See* 8 C.F.R. § 1003.2(c)(2); *see also* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). In addition, Wang does not challenge the BIA's finding that it was precluded from considering her application for asylum included with her untimely 2011 motion to reopen because she did not demonstrate changed conditions arising in China since the time of her 2001 merits hearing. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

2

Wang argues that the time limitation on her motion to reopen should be equitably tolled – to allow her to apply for adjustment of status based on the approved immigrant petition filed by her United States citizen husband – because of the ineffective assistance of her attorney before the immigration judge ("IJ") and on appeal before the BIA.

While untimely motions to reopen may receive the benefit of equitable tolling of the filing deadline, the alien must demonstrate, *inter alia*, that she exercised due diligence in pursuing her case during the period in which she seeks to toll. *Jin Bo Zhao v. INS*, 452 F.3d 154, 156-159 (2d Cir. 2006) (per curiam). Wang argues that she complied with *Matter of Lozada*, 19 I&N Dec. 637 (B.I.A. 1988), by filing a disciplinary complaint and sending it to her prior attorney. However, an alien is required to demonstrate due diligence in pursuing her ineffective assistance claim "during the entire period [s]he seeks to toll," including "the period of time before the ineffective assistance of counsel was or should have been discovered and the period of time from that point until the motion to reopen has been filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008).

Although Wang's brief fails to mention the specific date that she actually discovered her prior counsel's

3

alleged ineffective assistance, she reasonably should have discovered it when the IJ denied her relief in 2001, or at the latest in 2003, when the BIA denied her appeal. *Id.* Moreover, Wang retained a new attorney in September 2007, which terminated the tolling of the time limitation for her 2011 motion to reopen. *See Leorna v. U.S. Dep't of State*, 105 F.3d 548, 551 (9th Cir. 1997). In failing to file the motion for 8 years, Wang failed to demonstrate due diligence and that limitation on her motion to reopen should be equitably tolled. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715-16 (2d Cir. 2007) (per curiam) (finding petitioner who waited eight months to file motion to reopen after discovering ineffective assistance of former counsel did not demonstrate due diligence). Accordingly, the BIA did not abuse its discretion in denying her motion to reopen as both untimely and number-barred.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4