**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT R. SCOTT, | No. 13-55277 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-08551-JAK-AJW |
| v. | |
| RAY MABUS, Secretary of the Navy, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted June 18, 2015
San Francisco, California

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

Plaintiff-Appellant Robert Scott ("Scott") appeals the district court's grant of

summary judgment for the Secretary of the Navy ("Navy"). A district court's

decision to grant summary judgment is reviewed de novo. *Szajer v. City of L.A.*,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

632 F.3d 607, 610 (9th Cir. 2011). We have jurisdiction under 28 U.S.C. § 1291, and affirm in part and vacate in part.

I

The district court properly found that Scott failed to establish a prima facie case of race discrimination. Scott did not set forth any evidence of similarly situated persons of a different race that the Navy treated more favorably. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 258–59 (1981). To the contrary, Scott was terminated while on probation, and other non-probationary employees were disciplined for similar misconduct.

We also reject Scott's suggestion that his prior employment with the Transportation Security Administration ("TSA") satisfies his probationary period. *See* 5 C.F.R. § 315.802(b). Scott concedes his previous employment with the TSA ended in May 2004, and he was not hired by the Navy until April 2007, which exceeds a 30-day break in service under 5 C.F.R. § 315.802(b). Scott asserts the time should be tolled because he had a pending lawsuit against the TSA, and his settlement for $95,000 demonstrates his absence was due to "compensable injury"

2

as defined in 5 C.F.R. § 315.802(c).[1]  But Scott cites no authority for the proposition that his compromise settlement constitutes a "compensable injury." Moreover, the TSA did not agree to reinstate him into federal employment or otherwise change his status as a terminated employee.

Additionally, to the extent Scott's race discrimination claims are based on his non-selection for the 2006 Supervisor Industrial Engineer GS-12 position or the September/October 2007 Mechanical Engineer GS-11 position, his claims are unexhausted.  Under Title VII, federal employees who believe they have been discriminated against on the basis of race "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."  29 C.F.R. § 1614.105(a)(1).  Failure to comply is "fatal to a federal employee's discrimination claim."  *Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1043–44 (9th Cir. 2009).

Scott first met with the EEOC counselor on January 24, 2008.  Applying the 45-day requirement, any claims based on alleged discriminatory acts prior to December 10, 2007 were not timely.  Nor has Scott satisfied his burden to show

---

[1]We grant the Navy's unopposed Request for Judicial Notice of Scott's publicly filed settlement agreement with the TSA.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

3

that equitable tolling applies. *See Vaughn v. Teledyne, Inc.*, 628 F.2d 1214, 1218 (9th Cir. 1980); *Leorna v. U.S. Dep't of State*, 105 F.3d 548, 551 (9th Cir. 1997). Scott acknowledged he knew of his "non-selection" for the 2006 Supervisor Industrial Engineer GS-12 position well before December 2007. Scott does not allege when he learned the September/October 2007 Mechanical Engineer GS-11 position had been filled, nor does he describe any diligence to apprise himself of that information.

Also, Scott failed to establish a prima facie case of race discrimination as to his non-selection for the 2007 Mechanical Engineer GS-11 position and the 2007 Supervisory Industrial Engineer GS-12 position because he did not present any evidence of the qualifications of the individuals selected for those positions. *See Lyons v. England*, 307 F.3d 1092, 1112 (9th Cir. 2002) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Scott's "self-serving and uncorroborated affidavit and deposition testimony" that he was more qualified than the individual selected by the Navy to fill the 2007 Mechanical Engineer GS-11 position is insufficient. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5 (9th Cir. 2002). As to the 2007 Supervisory Industrial Engineer GS-12 position, the Navy presented unrebutted evidence that the position was never filled.

Although Scott argues that the district court failed to evaluate his other

4

alleged adverse employment actions based on his race, it appears that these allegedly discriminatory acts occurred prior to December 10, 2007, and were not timely raised. *See Kraus*, 572 F.3d at 1043–44.

## II

It appears that the district court erred by requiring Scott to submit documentation of his disability. *See Head v. Glacier Nw. Inc.*, 413 F.3d 1053, 1058 (9th Cir. 2005), *abrogated on other grounds in Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013). Rather, a plaintiff's testimony may suffice to establish a genuine issue of material fact so long as the evidence consists of more than "conclusory declarations." *Id.* at 1059.[2] Scott asserts that he provided the Navy with a "Self-identification of Handicap" form on which he indicated a "combination" of "nonparalytic orthopedic impairments." Scott further testified that he told several other employees about his past medical conditions and that his

---

[2]Scott cited the declaration of Dr. Jesse Guadiz as supporting his disability. We informed Scott at oral argument that we were unable to locate the declaration in the excerpts of record and instructed Scott's counsel to file a letter by June 25, 2015, identifying the location of the declaration in the district court record. To date, Scott has not filed anything with this court. We therefore do not consider Dr. Guadiz's declaration in our decision.

artificial hip limited his walking ability. Viewing these facts in the light most favorable to Scott, he has raised a triable issue that he may be disabled.[3]

The Navy urges us to affirm on the ground that Scott never requested an accommodation for a disability. We decline to do so, because viewing the facts in the light most favorable to Scott, a jury could find that he had requested an accommodation due to a disability. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) ("An employee is not required to use any particular language when requesting an accommodation but need only inform the employer of the need for an adjustment due to a medical condition." (internal quotation marks omitted)). Scott testified that he told his supervisors: "I need the cart too. My legs get tired after walking so far"; and "I got a problem walking. I need the cart the same as you do to get around." Similarly, Scott asked another department if he could use their gray motorized cart as he had "a problem with [his] hip getting around here, walking." Scott used this gray motorized cart for two weeks until his supervisor John Garcia allegedly "took the keys" to that cart as well in September 2007. On a separate occasion, Scott's mentor and coworker, George Austin,

---

[3]The district court apparently did not consider Scott's late submission of a disability rating from the Department of Veterans Affairs dated March 29, 2007, and his application to the DMV for a disability parking placard that includes a "doctor's certification of disability." The district court may consider these documents on remand.

suggested to Garcia that they pick up Scott in a cart "because of his problems walking for long distances." Garcia responded "something to the effect that he didn't have to accommodate [Scott]." While hardly an overwhelming case, these facts are sufficient to raise a triable issue as to whether Scott requested an accommodation for disability. We therefore vacate the district court's grant of summary judgment on Scott's Rehabilitation Act claim.

### III

We also affirm in part and vacate in part the district court's grant of summary judgment on Scott's retaliation claim. Title VII's anti-retaliation provision forbids employer actions that "discriminate against" an employee because he has "made a charge, testified, assisted, or participated in" a Title VII "investigation, proceeding, or hearing" or "opposed" a practice that Title VII forbids. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59-60 (2006). To establish a prima facie case of discriminatory retaliation, Scott must show: (1) he engaged in a protected activity; (2) an adverse employment action; and (3) causation. *Miller v. Fairchild Industries, Inc.*, 797 F.2d 727, 731 (9th Cir. 1986). The same standards apply with respect to a retaliation claim based on the exercise of rights under the Rehabilitation Act. *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004).

7

A protected participation activity must be made within a formal EEOC investigation, proceeding or hearing. *See* 42 U.S.C. § 2000e-3(a) (defining participation as when an employee "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter"). Scott did not contact the EEOC until after his termination, and therefore he did not engage in any protected participation activity that could have caused any of the alleged adverse actions during his employment.

An employee who engages in a protected opposition activity must indicate that his opposition is on the basis of a protected ground. *Compare E.E.O.C. v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1011–13 (9th Cir. 1983) (letter protesting "racism" and "discrimination" in employer's practices is protected opposition activity) *with Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1411–12 (9th Cir. 1987) (employee's reluctance to stop speaking Spanish on the radio was not protected opposition to discrimination). Scott never mentioned race or discrimination in his inquiries to his supervisors regarding the 2006 Supervisory Industrial Engineer position, and thus, his inquiries into the 2006 position did not constitute a protected opposition activity.

However, an employee may engage in protected activity by "seek[ing] an accommodation [for a disability] in good faith." *Coons*, 383 F.3d at 887. Since we

8

hold that Scott has raised a triable issue as to whether he requested an accommodation for a disability, viewing the evidence in the light most favorable to him, Scott has also raised a triable issue as to whether he engaged in a protected activity.

We also hold Scott has raised a triable issue as to whether any requests for accommodation were temporally proximate to his termination. The district court erred by stating that four months "is by itself insufficient" evidence of causation. We have previously held that "[d]epending on the circumstances, three to eight months is easily within a time range that can support an inference of retaliation." *Coszalter v. City of Salem*, 320 F.3d 968, 977–78 (9th Cir. 2003); *see also Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1062–63 (9th Cir. 2013) (holding a "four-to-five month period . . . falls easily within the range that we concluded supports an inference of retaliation").

Scott also argues that the district court failed to evaluate his other alleged adverse employment actions. But as we have noted, any retaliatory acts prior to December 10, 2007 were untimely. However, since we vacate summary judgment as to Scott's retaliation claim, we leave the determination of the timeliness of any other retaliatory adverse employment actions to the district court to consider on remand.

9

Summary judgment as to Scott's race discrimination claims in favor of the Navy is **AFFIRMED**. Summary judgment as to Scott's disability discrimination claim is **VACATED** and **REMANDED**. Summary judgment as to Scott's retaliation claim is **AFFIRMED IN PART, VACATED IN PART** and **REMANDED**.

The parties are to bear their own costs on appeal.